# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2010

No. 09-20164

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEJANDRO GALAN DEL CARMEN, aka Juan Lopez Hernandez, aka Alegandro C Gala, aka Alejandro Galan Delcarmen, aka Alejandro Galan-Del Carmen, aka Alegandio Carmen Galan, aka Juan Hernandez-Lopez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-696-1

Before DAVIS, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alejandro Galan Del Carmen pleaded guilty to one count of unlawful reentry of a deported alien following an aggravated felony conviction. In this appeal, he questions whether the district court erred by concluding that he committed the instant offense within two years of his release from custody on another offense for purposes of calculating his criminal history. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20164

I.

The probation officer determined Del Carmen's total offense level to be 21 and assessed his criminal history score at eight points, which placed him in Criminal History Category IV. This resulted in a guidelines range of 57 to 71 months. Pertinent to this appeal, the probation officer concluded that Del Carmen should receive two criminal history points because he committed the instant offense within two years of his release from custody on a Washington conviction for heroin offenses. U.S.S.G. § 4A1.1(e). The PSR states that Del Carmen was released from custody on the heroin offense and deported on January 28, 2006. The PSR also states that Del Carmen returned to the United States on or about February 28, 2006.

It is undisputed that for the two points at issue to apply, Del Carmen must have committed the illegal reentry offense within two years of his release from custody on another conviction, in this case, his Washington state heroin delivery convictions. *See* § 4A1.1(e). Thus, two dates are relevant: the date Del Carmen was released from custody on the Washington sentence, and the date he committed the illegal reentry offense.

Del Carmen objected to the accuracy of both dates, arguing first that the PSR does not distinguish between the date he was released from custody in Washington state and the date he was deported via San Ysidro, California. However, Del Carmen presented no rebuttal evidence to counter the possibility that he was released from custody and deported on the same date.

Del Carmen also objected to the date of his return to the United States, arguing that he did not return to the United States until March 2008. In

No. 09-20164

support, he attached a letter from his wife indicating that the two decided in March 2008 that he should return to the United States to seek work. The probation officer prepared an addendum to the PSR disagreeing with Del Carmen. The probation officer cited two immigration forms. The first was Form I-871, titled "Notice of Intent/Decision to Reinstate Prior Order," which stated that Del Carmen had been deported on January 28, 2006, and that he illegally reentered the United States on or about February 28, 2006. Del Carmen signed the form, but the import of his signature is disputed. The second form was Form I-213, which reflected that in an interview with immigration officials on October 3, 2008, Del Carmen stated that he entered the United States on February 28, 2006, and that he had been in the country for more than a year, contrary to his suggestion that he had entered in March 2008.

Del Carmen filed a response to the PSR Addendum, offering additional evidence that he was not in the United States during the relevant two-year period. This evidence included the following: a photograph of Del Carmen, his wife, and children, purportedly in Mexico, dated October 4, 2006; a receipt for a donation to his son's school, in Del Carmen's name, dated April 6, 2006; a receipt for a donation to a local festival, in Del Carmen's name, dated August 30, 2006; a utility bill, in Del Carmen's name, dated July 2007; a letter from his wife attesting to the authenticity of the photograph, the receipts, and the payment of the utility bill by Del Carmen; and receipts and an affidavit from the owner of a business in Mexico attesting that Del Carmen worked there from March 2006 until January 2008.

At sentencing, Del Carmen challenged the information in the I-871, asserting that he never affirmatively admitted any facts. Rather, he asserted

3

No. 09-20164

that he simply signed the form attesting that he did not contest his removability. He also argued that there was no indication that communications were made in Spanish or that he understood what he was signing. He also introduced a form I-215B, which he said was another immigration form reciting that he did *not* answer questions regarding his reentry, including the date.

The district court overruled Del Carmen's objections without explanation, adopting the PSR and the addendum. The district court then sentenced Del Carmen to 68 months in prison. After sentencing but before entry of judgment, Del Carmen filed a timely notice of appeal.

II.

In his sole issue on appeal, Del Carmen contends that the district court erred by assessing two criminal history points based on his commission of the instant offense within two years of his release on his state sentence. Under this court's bifurcated reasonableness review of sentences, this court first looks to whether the district court committed any significant procedural error; if not, this court then reviews the substantive reasonableness of the sentence. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). Del Carmen's challenge to the calculation of his criminal history score implicates the procedural error prong of this two-step review. *See Delgado-Martinez,* 564 F.3d at 752-53. This court reviews the district court's interpretation and application of the Guidelines de novo, and its findings of fact for clear error. *See United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008). A district court's factual findings are not clearly erroneous if plausible in light of the record as a whole. *United States v. Villegas,* 404 F.3d 355, 361-62 (5th Cir. 2005).

No. 09-20164

The Government has the burden of proving facts that enhance a sentence by a preponderance of the evidence. *See, e.g., United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008).  Factual findings under the Guidelines must be based on reliable information and a preponderance of the evidence.  *Id.*  The PSR is generally sufficiently reliable evidence for fact-finding under the Guidelines, and the district court may adopt it without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence.  *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

### III.

The date of Del Carmen's release from custody from the Washington state charges was stated in the PSR and based on the probation officer's "review of the Immigration and Customs Enforcement (ICE) investigative material provided by the case agent" to the probation office.  Although Del Carmen objected to the date, he offered no rebuttal evidence refuting its accuracy.  Accordingly, the district court was entitled to rely on that date, January 28, 2006, as the date of his release from custody for purposes of applying the sentencing enhancement.

The PSR also states that Del Carmen admitted that he returned to the United States on or about February 28, 2006, via San Ysidro California.  This statement in the PSR is similarly based on Del Carmen's immigration records.  In particular as to this date, the PSR Addendum also cited Form I-213, which recited that in an interview, Del Carmen admitted returning on February 28, 2006, and reflected that Del Carmen had been in the United States for more than a year prior to the interview, which took place in October 2008.

Del Carmen submitted rebuttal evidence, in the form of the letter from his wife, the photograph dated March 2006, receipts, a bill, and the affidavit from

No. 09-20164

his employer, which tended to show that he was in Mexico from March 2006 until at least January 2008. However, this evidence, even if it establishes that Del Carmen was in Mexico after February 2006 does not preclude a finding that he illegally reentered on February 28, 2006. In addition, Del Carmen's assertion that he did not reenter until March 2008 is contradicted by the assertion in the I-213 that he had been in the country for more than one year prior to October 2008. Thus, the district court's findings underlying the challenged sentencing enhancement are not clearly erroneous.

## IV.

Based on this record, the district court did not clearly err by concluding that Del Carmen reentered the United States thereby committing the instant offense within two years of his release from custody on a Washington conviction for heroin offenses. This timing qualifies him for the enhancement under U.S.S.G. § 4A1.1(e).

AFFIRMED.