# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2011

Lyle W. Cayce
Clerk

No. 10-20645
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL OLIVAS CONTRERAS, also known as Manuel Olivas, also known as Manuel Olivas-Contreras, also known as Santiago Herrera-Vasquez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-288-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel Olivas Contreras pleaded guilty to illegal reentry after deportation following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b)(2). At sentencing, Olivas contended:  his 2007 deferred adjudication did *not* qualify as an aggravated felony under the statute; and, therefore, his offense was subject to a 10-year maximum sentence under 8 U.S.C. § 1326(b)(1), rather than a 20-year maximum under 8 U.S.C. § 1326(b)(2). The Government conceded the point,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the district court noted the correction. Nevertheless, the judgment of conviction did *not* reflect this fact and stated incorrectly that Olivas had been convicted under § 1326(b)(2). Olivas contends the error: requires remand, for the judgment to be modified to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1), not § 1326(b)(2); and entitles him to resentencing.

Regarding the modification, the Government concedes that Olivas had *not* been convicted of an aggravated felony before deportation and agrees the judgment must be reformed to reflect that Olivas was convicted under 8 U.S.C. § 1326(b)(1) because the written judgment conflicts with the district court's oral pronouncement.

Olivas bases his assertion that he is entitled to resentencing on the claim that the district court committed procedural error by considering the aggravated felony conviction in determining his sentence. Our court reviews sentencing decisions for reasonableness, first ensuring that the district court did *not* commit significant procedural error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A procedural error during sentencing is harmless if the error did *not* affect the district court's selection of the sentence imposed." *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (citations and internal quotations marks omitted). The proponent of the sentence bears the burden of establishing that the error was harmless. *Id.*

The government asserts the error was harmless. On the other hand, Olivas contends that the district court, in imposing, *inter alia*, 48 months' imprisonment, could have misunderstood he was subject to a 20-year, rather than a 10-year, maximum sentence. In any event, an error in the district court's understanding that occurred after sentencing is harmless. *See id.* at 753. At sentencing, the court ruled the 20-year maximum did *not* apply. And, at that same 16-minute hearing, the court ruled that a downward departure was appropriate, in part, "to reflect the fact that [Olivas] did receive deferred adjudication in the aggravated assault case in the state court". These rulings

show the district court understood the maximum sentence when it sentenced Olivas. Therefore, the error in the written judgment was harmless.

The judgment is modified to reflect a conviction under § 1326(b)(1), instead of § 1326(b)(2), and this matter is remanded to district court for the limited purpose of correcting the written judgment to reflect this modification.

AFFIRMED AS MODIFIED; LIMITED REMAND FOR CORRECTION OF JUDGMENT.