# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2011

No. 11-40285
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TREVOR HENDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CR-1-8

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Trevor Henderson received a 51-month prison term following his guilty plea to one count of possession of methamphetamine with intent to distribute. He challenges the district court's calculation of the sentencing guidelines range under U.S.S.G. § 2D1.1, asserting that the court reversibly erred by including in the drug quantity the 56.7 grams of methamphetamine he promised to obtain for undercover officers but did not deliver. Inclusion of that amount increased his offense level from 12 to 26.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40285

According to Henderson, he did not intend or have the capability to deliver the drugs but instead intended to rob the buyers of the purchase price. The district court erroneously ruled that his intent and/or capability were irrelevant once he arrived for a face-to-face meeting with the buyers. *See* § 2D1.1, cmt. (n.12); *United States v. Davis*, 478 F.3d 266, 268-70 (5th Cir. 2007). The Government fails to show that the significant procedural error was harmless. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). Accordingly, we vacate Henderson's sentence and remand for resentencing. *See Delgado-Martinez*, 564 F.3d at 752-53.

Henderson also asserts that the district court reversibly erred by classifying as relevant conduct his possession of .18 grams of methamphetamine for personal use while on pre-trial release. He correctly concedes, however, that the alleged error will not affect his guidelines range. Thus, it is not a "significant procedural error." *See Gall*, 552 U.S. at 597 (defining "significant procedural error" warranting reversal to include improper calculation of the *guidelines range*).

SENTENCE VACATED AND REMANDED.