# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40499
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ONAN HERRERA-SANCHEZ, also known as Frank,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-566

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Onan Herrera-Sanchez pleaded guilty to conspiracy to take a hostage. The district court sentenced Herrera-Sanchez to 240 months in prison and a 4 year term of supervised release. Herrera-Sanchez argues that his sentence is procedurally flawed because the district court misapplied the guidelines and is substantively unreasonable because the district court failed to consider that he was coerced into his role in the offense when determining the length of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence.  Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  First, this court considers whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range.  *Id.*  If there is no error or the error is harmless, this court may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion.  *Id.* at 751-53.

The district court's denial of a mitigating role reduction is a factual finding reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  It is the defendant's burden to show that his role in the offense was minor or minimal.  *See United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).  On appeal, Herrera-Sanchez has not identified any evidence in the record indicating that he is entitled to a mitigating role reduction under U.S.S.G. § 3B1.2.  At most he suggests that there were others in the conspiracy who had leading roles in the offense.  Based on the record, it is not clearly erroneous that the district court found that Herrera-Sanchez knew about the hostage taking and had conspired with his codefendant in furtherance of the scheme in advance of the event.  Herrera-Sanchez has not shown that he was a minor participant "peripheral to the advancement of the illicit activity," *Villanueva*, 408 F.3d at 204, much less a minimal participant, entitled to a mitigating role reduction.

Herrera-Sanchez argues that his 240-month sentence is substantively unreasonable because the district court failed to consider that he was coerced into his role in the offense.  Sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  Sentences are ordinarily reviewed for

No. 14-40499

substantive reasonableness under an abuse-of-discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). When a defendant fails to preserve a claim of error, however, we apply the plain error standard. *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). In this case, Herrera-Sanchez argued the coercion issue at sentencing, but he failed to object in the district court to the reasonableness of his sentence. We need not decide the standard-of-review issue as Herrera-Sanchez's sentence can be affirmed under either a plain-error or an abuse-of-discretion standard of review.

When the district court imposes a sentence within a properly calculated guidelines range, the sentence is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Although Herrera-Sanchez argues that the district court failed to consider his assertion of coercion in determining his sentence, he concedes and the record supports that the district court not only considered the evidence supporting the coercion claim but rejected the factual basis for the claim as incredible. Therefore, he has failed to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See Cooks*, 589 F.3d at 186. Mere disagreement with the propriety of his sentence or with the weight given to § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Herrera-Sanchez has not shown any abuse of the district court's discretion, much less plain error. The judgment of the district court is AFFIRMED.