# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30162
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THOMAS HANES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-110-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Hanes challenges his two within-Sentencing Guidelines, concurrent sentences of 220 months' imprisonment, on one count of distribution of, and one count of possession of, child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (5)(B), respectfully. Hanes pleaded guilty to these charges after police software identified his IP address' connection with over 2,000 child-pornography files, some containing images of prepubescent

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

children as young as two-years-old.  He asserts, for the first time on appeal, the court erred in concluding it lacked authority to depart from the Guidelines' advisory sentencing-range of 210 to 262 months' imprisonment.

Although *post-Booker,* the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States,* 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Nevertheless, because Hanes did not raise the issue at hand in district court, review is only for plain error.  *E.g., United States v. Broussard,* 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Hanes must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States,* 556 U.S. 129, 135 (2009).  If he does so, we generally have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Although treating the Guidelines as mandatory amounts to a significant procedural error, *Gall*, 552 U.S. at 51, the record as a whole does not show the court believed it lacked the authority to deviate from the Guidelines.  At sentencing, the court considered Hanes' assertions in favor of a downward variance and his allocution before concluding it was "[not] appropriate to depart from the [G]uideline[s'] sentence in this particular case", finding Hanes'

No. 17-30162

conduct fell within the heartland of conduct addressed by the Guidelines. The court considered the 18 U.S.C. § 3553(a) sentencing factors, explaining it chose the sentence based on, *inter alia*:  the nature and circumstances of Hanes' conduct, the need to deter future criminal conduct, the need to protect the public, the need to provide Hanes with correctional treatment, and the need to avoid unwarranted sentencing disparity.

The court's statements do not show it believed the Guidelines were mandatory, but rather it found a within-Guidelines sentence appropriate, considering Hanes' offense and the 18 U.S.C. § 3553(a) sentencing factors. *E.g.*, *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007).  Hanes, therefore, has not shown the requisite clear or obvious procedural error. *Gall*, 552 U.S. at 51.

AFFIRMED.