# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10927
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROLANDO HUMPHREY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-256-1

Before BARKSDALE, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Rolando Humphrey challenges his sentence of 240 months' imprisonment, imposed following his guilty-plea conviction for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

In calculating the quantity of drugs sold by Humphrey for the purposes of Sentencing Guideline § 2D1.1, the district court found the one kilogram of cocaine seized from Humphrey's automobile did not reflect the scale of his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10927

offense because Humphrey admitted to selling one fourth of a kilogram of cocaine at least once, but sometimes three times, a week during the two years before his arrest. The court, therefore, estimated his past cocaine sales (although rounding down to one fourth of a kilogram once a week) and aggregated these amounts in its drug-quantity finding. As he did in district court, Humphrey contends the court unreasonably aggregated the amount of drugs he admitted to selling.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The court's determination of "relevant conduct" under Guideline § 1B1.3 is a factual finding, reviewed only for clear error. *United States v. Rhine*, 583 F.3d 878, 883–85 (5th Cir. 2009).

"A defendant convicted of a drug offense is sentenced based on the amount of drugs involved in the offense"; but, "offense" is defined as "the offense of conviction and all relevant conduct". U.S.S.G. § 1B1.1. The comments to Guideline § 2D1.1 specify that "quantities of drugs not specified in the count of conviction" are relevant conduct and "may be considered in determining the offense level". U.S.S.G. § 2D1.1, cmt. 5; *Rhine*, 583 F.3d at 885; *United States v. Robins*, 978 F.2d 881, 889–90 (5th Cir. 1992). Accordingly, the court, in applying § 2D1.1, did not err in considering as

No. 17-10927

relevant conduct Humphrey's admission to selling more than the kilogram that was seized from his automobile. *Rhine*, 583 F.3d at 884–85.

Especially in the light of Humphrey's admitting to selling one fourth of a kilogram of cocaine at least once a week, the court did not clearly err in finding the amount of drugs seized from Humphrey did not reflect the scale of his offense. U.S.S.G. § 2D1.1, cmt. 5. The court properly considered Humphrey's admission to selling more than the one kilogram of cocaine seized from his automobile and plausibly determined he was not merely a one-time drug distributor. *Robins*, 978 F.2d at 890.

AFFIRMED.