# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41267
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANDRES AVILA-CRUZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-441-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Andres Avila-Cruz contests the sentence imposed following his guilty plea conviction of illegal reentry into the United States after deportation. He contends in his opening brief the district court erred in enhancing his offense level by eight levels pursuant to Sentencing Guideline § 2L1.2(b)(3)(B) (enhancing defendant's sentence "[i]f, at any time after the defendant was ordered deported or ordered removed from the United States for the first time,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-41267

the defendant engaged in criminal conduct resulting in . . . a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more"). In his opening brief, Avila contends the Government failed to establish he engaged in the criminal conduct that resulted in his Alabama felony conviction of possession of a forged instrument "after [he] was ordered deported or ordered removed from the United States for the first time". *Id.*

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751-53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because, as he admits, Avila did not raise in district court the issue presented on appeal, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Avila must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The Government points to the relevant state-court indictment containing a notation showing the incident occurred on 3 February 2016, *after*

No. 17-41267

Avila was first ordered removed or deported.   In his reply brief, Avila acknowledges the significance of the date notation and concedes there was no plain error.

AFFIRMED.