# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THOMAS SCRUGGS, also known as Tommy,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-38-9

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Thomas Scruggs pleaded guilty, pursuant to a plea agreement, to conspiracy to possess, with intent to distribute, and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. He was sentenced, *inter alia*, to 240 months' imprisonment. In challenging his sentence, Scruggs contends the district court procedurally erred in: calculating the drug quantity for which he was held responsible, under Sentencing

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60119

Guideline § 2D1.1; and applying an enhancement for obstruction of justice, pursuant to Guideline § 3C1.1.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As discussed *infra*, the two claims of procedural error are reviewed for clear error.

Scruggs' drug-quantity contention is unavailing. There was testimony at sentencing regarding the amount of methamphetamine transferred directly to Scruggs for distribution, *i.e.*, four to five pounds a month for three to four months and then 10 pounds a month for a year. Based on this testimony, the court found, conservatively, that Scruggs was responsible for 132 pounds of methamphetamine. In addition, Scruggs failed to present evidence demonstrating the presentence investigation report's drug-quantity calculation is "materially untrue, inaccurate or unreliable". *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (internal quotation marks and citation omitted). Given the above, the court's factual finding for drug quantity was not clearly erroneous because it was "plausible in [the] light of the record as a whole". *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted); *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006).

No. 18-60119

Likewise unavailing is Scruggs' claim regarding the obstruction enhancement. Testimony from a codefendant's trial (at which the sentencing judge had presided) and Scruggs' sentencing regarding direct and indirect threats from Scruggs, as well as evidence of additional threats presented to the court at the sentencing hearing, establish Scruggs attempted to intimidate witnesses to prevent them from testifying. *See* U.S.S.G. § 3C1.1 & cmt. n.4(A). The court's findings of fact in applying the obstruction enhancement were not clearly erroneous because they were, again, plausible in the light of the record as a whole. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008); *see also United States v. Powers*, 168 F.3d 741, 752–53 (5th Cir. 1999).

AFFIRMED.