# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 19-10562
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOE EZEQUIEL CARCAMO,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-12-1

———————

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Joe Ezequiel Carcamo pleaded guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to, *inter alia*, 78 months' imprisonment. He challenges his sentence, claiming the district court erroneously imposed a six-level enhancement under Sentencing Guideline § 2B3.1(b)(2)(B) based on finding he participated in a robbery in which a firearm was "otherwise used" by one of Carcamo's accomplices to gesture and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

use the firearm as a pointer in instructing a friend of the victim. He contends it was not reasonably foreseeable that an accomplice would use a firearm in this manner because: neither he nor his accomplices brought a firearm to the scene of the robbery; and, after an accomplice found the victim's firearm at the scene, the accomplice removed the firearm's magazine before using it in the robbery.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A factual finding is clearly erroneous only if it is not "plausible in [the] light of the record as a whole". *Id.* (internal quotation marks and citation omitted).

Guideline § 2B3.1(b)(2)(B) provides a six-level enhancement where "a firearm was otherwise used" in the commission of a robbery. Defendant's relevant conduct, for which the court accounts in determining the applicable advisory Guidelines sentencing range, *Witte v. United States*, 515 U.S. 389, 393 (1995), includes, under Guideline § 1B1.3(a)(1)(A), acts and omissions for which he was directly responsible and, under § 1B1.3(a)(1)(B), "in the case of a jointly undertaken criminal activity . . . all acts and omissions of others that were—(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in

No. 19-10562

connection with that criminal activity".  A finding of reasonable foreseeability is reviewed for clear error.  *United States v. Gutierrez-Mendez*, 752 F.3d 418, 429 (5th Cir. 2014) (citation omitted).

Regarding Carcamo's contentions, the district court was persuaded by the Government's claim that it was foreseeable by the start of the robbery, in which Carcamo was an active participant, that a firearm would be "otherwise used" in some manner because Carcamo's accomplice, in Carcamo's presence, found and handled the victim's firearm at the scene of the robbery before it began.  *See* U.S.S.G. § 2B3.1(b)(2)(B).  As the Government contends, the accomplice's finding and handling the firearm at the scene of the robbery prior to the robbery's commencement makes it plausible Carcamo knew the accomplice was using a firearm when Carcamo subsequently began participating in the robbery.  Accordingly, the court's finding is plausible in the light of the record as a whole.

AFFIRMED.