# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2020

Lyle W. Cayce
Clerk

No. 19-41048
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Victoria Martinez, *also known as* Tori Townzen,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1336-2

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Victoria Martinez pleaded guilty to conspiracy to possess, with intent to distribute, a synthetic cannabinoid mixture, in violation of 21 U.S.C. §§ 841, 846, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Following a contested

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentencing hearing, the court sentenced Martinez, *inter alia*, to 220-months' imprisonment, a term below the advisory Sentencing Guidelines range. Martinez challenges the court's application of sentencing enhancements under Guidelines §§ 2D1.1(b)(7),(12) for distributing a controlled substance through mass-marketing by means of an interactive computer service and for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.

Although post-Booker, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A district court's determinations that the mass-marketing and maintaining-a-drug-premises enhancements apply are factual findings reviewed for clear error. *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017) (citation omitted) (Guideline § 2D1.1(b)(12) for maintaining premises); *see United States v. Usman*, 460 F. App'x 414, 418 (5th Cir. 2012) ("We review the district court's factual findings with regard to the [Guideline § 2B1.1(b)(2)] mass-marketing enhancement for clear error . . . .") (citing *United States v. Mauskar*, 557 F.3d 219, 232 (5th Cir. 2009)). "A factual finding is not clearly erroneous so long as it is plausible in light of the record as a whole." *Mauskar*, 557 F.3d at 232 (internal quotation marks and citations omitted).

No. 19-41048

When making factual findings for sentencing purposes, a district court may consider any relevant information that has "sufficient indicia of reliability to support its probable accuracy". U.S.S.G. § 6A1.3(a). While Martinez arguably failed to preserve some of the issues she raises on appeal, we need not determine whether plain error review applies, because, assuming *arguendo* they were preserved, her claims still fail. *See United States v. Suchowolski*, 838 F.3d 530, 532 (5th Cir. 2016).

The mass-marketing enhancement applies where "defendant, or a person for whose conduct the defendant is accountable under [Guideline] § 1B1.3 (Relevant Conduct), distributed a controlled substance through mass-marketing by means of an interactive computer service". U.S.S.G. § 2D1.1(b)(7). Where there is jointly undertaken criminal activity, relevant conduct includes:

> all acts and omissions of others that were—
>
>> (i) within the scope of jointly undertaken criminal activity,
>>
>> (ii) in furtherance of that criminal activity, and
>>
>> (iii) reasonably foreseeable in connection with that criminal activity.

U.S.S.G. § 1B1.3(a)(1)(B).

Through the presentence investigation report and sentencing-hearing testimony, the Government presented evidence that Martinez had 3,100 friends on Facebook, posted on Facebook that she had "bags" of synthetic cannabinoid available, and that one of Martinez' co-conspirators advertised and sold synthetic cannabinoids through various Facebook groups dedicated to drug sales. Martinez failed to rebut the evidence as to her own conduct and the evidence showing that her co-conspirator's acts were relevant conduct under Guideline § 1B1.3. *See United States v. Parker*, 133 F.3d 322,

329 (5th Cir. 1998) ("Mere objections do not suffice as competent rebuttal evidence.") (internal citation omitted). The district court did not, therefore, commit clear error in applying the mass-marketing enhancement. *See Mauskar*, 557 F.3d at 232–33.

Guideline § 2D1.1(b)(12)'s enhancement applies if "defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance". U.S.S.G. § 2D1.1(b)(12); *see also Guzman-Reyes*, 853 at 263–64 (5th Cir. 2017). Martinez failed to rebut evidence showing she rented and maintained a locked room in another co-conspirator's air-conditioning business and used it to manufacture synthetic cannabinoids. Under these facts, the district court's application of the § 2D1.1(b)(12) enhancement was not clearly erroneous. *See Guzman-Reyes*, 853 F.3d at 263–65.

AFFIRMED.