**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-50439

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN DELGADO-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Juan Delgado-Martinez raises several procedural challenges to his 30-month sentence for illegal reentry. For the following reasons, we vacate and remand the case for re-sentencing.

**I**

Delgado-Martinez pleaded guilty to being found in the United States after removal in violation of 8 U.S.C. § 1326. A U.S. Probation Officer completed a Pre-Sentence Report ("PSR"). With regard to Delgado-Martinez's criminal-history score, the PSR recommended a three-point addition for a 1996 burglary conviction, a three-point addition for a 1999 forgery conviction, and a one-point addition for a 2005 driving-without-a-license conviction. The PSR also

recommended another two-point addition based on the allegation that Delgado-Martinez was on probation for the 2005 offense at the time of his illegal reentry. Delgado-Martinez filed written objections to these proposed enhancements, claiming that the government's documents were insufficient to prove that he was the person convicted of the three prior offenses.

At the sentencing hearing, the district court found that the government's documents established Delgado-Martinez's responsibility for the burglary and forgery convictions, but failed to sufficiently link Delgado-Martinez to the 2005 conviction for driving without a license. Thus, the court granted Delgado-Martinez's objection as to the 2005 conviction. However, instead of reducing Delgado-Martinez's criminal-history score by the three points added in the PSR as a result of the 2005 conviction, the court only reduced the score by one point.[1] This one-point reduction resulted in a recommended Guidelines range of 30–37 months.[2] The district court sentenced Delgado-Martinez to 30 months of incarceration, and Delgado-Martinez now appeals.

## II

In reviewing a sentencing decision, we first must consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range, treating the Guidelines as mandatory, or selecting a sentence based on clearly erroneous facts. *Gall v. United States*, 128 S.Ct. 586, 597 (2007). If the sentence is procedurally sound, we then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. In exercising this bifurcated review process, we

---

[1] It appears from the record that the district court simply overlooked the PSR's two-point addition based on Delgado-Martinez's probationary status from the 2005 conviction. However, it is clear that Delgado-Martinez specifically objected to the two-point addition in his written objections, thus preserving the issue for appeal.

[2] If the district court had reduced Delgado-Martinez's criminal history by the full three points, the recommended Guideline range would have been 24–30 months.

continue to review the district court's application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

## III

### A

On appeal, Delgado-Martinez first contends that the district court erred in finding that he was the person convicted of the forgery and burglary offenses alleged in the PSR. According to Delgado-Martinez, the documents offered to prove his culpability—including an Abstract of Judgment, an Information, and an Information Summary—lacked identifying information such as matching names, dates of birth, and fingerprints. However, Delgado-Martinez has failed to provide copies of the allegedly insufficient documents for our review. *See Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir.1992) (explaining that the party raising an issue has the duty to provide the record relating to that issue); *United States v. Dunham Concrete Prods., Inc.*, 475 F.2d 1241, 1251 (5th Cir.1973) (same). Moreover, Delgado-Martinez's briefing is devoid of any citations to the record in support of his allegations. *See* Fed. R. App. P. 28(a)(9). Accordingly, we do not consider Delgado-Martinez's first issue on appeal. *See Powell*, 959 F.2d at 26.

### B

Delgado-Martinez next contends that the district court erred in calculating his Guidelines range based on the two-point criminal-history enhancement for his alleged probationary status at the time of illegal reentry. Delgado-Martinez correctly argues that there is no factual basis for the two-point enhancement because the district court separately found that the government had not linked him to the 2005 offense for which he was allegedly on probation. The government concedes this calculation error but contends that reversal is not

warranted because Delgado-Martinez's 30-month sentence still falls within the properly calculated Guidelines range of 24–30 months.

Prior to the Supreme Court's decision in *Gall*, as long as a sentence fell within the properly calculated range, we applied a "presumption of reasonableness" to the sentence regardless of any calculation error. *E.g.*, *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007). Under this framework, we required the party complaining of the calculation error to rebut the presumption of reasonableness, and we applied a high degree of deference to the district court's initial decision. *Id.* at 375–76. The government contends that this framework survived *Gall*. We disagree.

*Gall* unequivocally established a *bifurcated* review process: At step one, the appellate court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . ." *Gall*, 128 S.Ct. at 597. If the sentence is determined to be "procedurally sound," then the appellate court moves on to step two—reviewing the sentence for substantive reasonableness. *Id.*; *see United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008) ("[We will] only proceed to review the substantive reasonableness of procedurally sound sentences."). Our pre-*Gall* analysis conflates these two distinct steps. By applying a presumption of reasonableness to sentences involving acknowledged procedural errors, our prior approach contravenes *Gall's* directive to treat the two steps as sequential, dispositive inquiries. In most cases, a significant procedural error will prevent our review of the sentence for substantive reasonableness. *See United States v. Shor*, 549 F.3d 1075, 1077 n.1 (6th Cir. 2008) ("[T]he Supreme Court was . . . quite explicit in *Gall* that miscalculating the Guidelines range is a 'significant procedural error' that requires reversal.").

Nonetheless, not every procedural error will require outright reversal. While *Gall* itself is silent on this point, we agree with several of our sister

circuits that certain "harmless" errors do not warrant reversal. *See Grissom*, 525 F.3d at 696 ("[W]e will remand *non-harmless* procedural errors . . . .") (emphasis added); *accord United States v. Langford*, 516 F.3d 205, 215–17 (3d Cir. 2008); *United States v. Weems*, 517 F.3d 1027, 1030 (8th Cir. 2008); *United States v. Livesay*, 525 F.3d 1081, 1092 (11th Cir. 2008). A procedural error during sentencing is harmless if "the error did not affect the district court's selection of the sentence imposed." *See Williams v. United States*, 503 U.S. 193, 203 (1992); *see also United States v. Mejia-Huerta*, 480 F.3d 713, 720 (5th Cir. 2007). The burden of establishing that an error is harmless rests on the party seeking to uphold the sentence: The proponent of the sentence "must point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error made in arriving at the defendant's guideline range." *United States v. Huskey*, 137 F.3d 283, 289 (5th Cir. 1998); *see also Langford*, 516 F.3d at 215–17 (explaining that "the improper calculation of the Guidelines range can rarely be shown not to affect the sentence imposed").

In summary, regardless of whether the selected sentence happens to fall within the properly calculated Guidelines range, we adhere to the following review process: We first consider whether the district court committed a significant procedural error as defined by *Gall*. *See Gall*, 128 S.Ct. at 597. If the court has committed such an error, we must remand unless the proponent of the sentence establishes that the error "did not affect the district court's selection of the sentence imposed." *Williams*, 503 U.S. at 203. If we are satisfied that the error was in fact harmless, we then (and only then) proceed to *Gall's* second step and review the substantive reasonableness of the sentence imposed. *See Gall*, 128 S.Ct. at 597.

Applying this framework to the case at hand, it is clear that the district court committed a significant procedural error by calculating Delgado-Martinez's

Guidelines range based on the improper two-point probation enhancement. *See United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008). ("An error in applying the guidelines is a significant procedural error that constitutes an abuse of discretion."). Thus, we must remand unless the error "did not affect the district court's selection of the sentence imposed." *Williams*, 503 U.S. at 203.

The government argues that the error was harmless because Delgado-Martinez's 30-month sentence fell within both the improperly calculated Guidelines range (30–37 months) and the properly calculated Guidelines range absent the probation enhancement (24–30 months). However, the crux of the harmless-error inquiry is whether the district court *would* have imposed the same sentence, not whether the district court *could* have imposed the same sentence. *See Huskey*, 137 F.3d at 289–90. While the fact that the actual sentence falls within the properly calculated Guidelines range may at times be relevant to the harmless-error inquiry, it is not dispositive.[3] *See Langford*, 516 F.3d at 216 ("[W]e conclude that such an 'overlap' [between the properly and improperly calculated ranges] does not necessarily render an error in the Guidelines calculation harmless. Such an overlap, alone, proves too little."); *accord United States v. Goodman*, 519 F.3d 310, 323 (6th Cir. 2008).

Reviewing the record as a whole, we are not convinced that the district court would have imposed the same sentence absent the Guidelines error. In fact, the court specifically noted that it found "a fair and reasonable sentence to be at the *bottom* of the guidelines, 30 months incarceration." (Emphasis added). Thus, it appears that the court consciously selected from the low end of what it believed to be the available range. There is no indication that the court would

---

[3] Furthermore, we have reversed such "overlap" sentences even under our more-deferential plain-error review. *E.g.*, *United States v. Price*, 516 F.3d 285, 289–90 (5th Cir. 2008). Thus, it would be incongruous to treat the overlap as a cure-all in the harmless-error context.

have selected the same sentence if the Guidelines range had been properly calculated at 24–30 months. Under these circumstances, we cannot conclude that "the district court had [the 30-month] sentence in mind and would have imposed it, notwithstanding the error made in arriving at the defendant's guideline range." *See Huskey*, 137 F.3d at 289. Accordingly, we must remand the case for re-sentencing pursuant to the proper Guidelines range. *See Gall*, 128 S.Ct. at 597; *Huskey*, 137 F.3d at 290.

**IV**

For the foregoing reasons, we VACATE Delgado-Martinez's 30-month sentence and REMAND the case for re-sentencing.