# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2016

Lyle W. Cayce
Clerk

No. 15-41090
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL ANDINO-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-263-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Victor Manuel-Andino Hernandez was convicted, pursuant to his guilty plea, of being illegally present in the United States after removal. The district court enhanced his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a determination that his Florida conviction of aggravated battery was a crime of violence (COV). Andino-Hernandez was sentenced within the guidelines range to a 50-month term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41090

On appeal, Andino-Hernandez contends that his Florida aggravated battery conviction was not a COV and that the district court therefore erred in applying the 16-level enhancement.  The Government argues that the enhancement was properly applied because Andino-Hernandez's aggravated battery offense has as an element the use, attempted use, or threatened use of physical force.  As discussed below, we need not determine whether the district court erred in applying the enhancement because we agree with the Government's contention that the error, if any, in applying the enhancement was harmless.  *See United States v. Richardson*, 676 F.3d 491, 511-12 (5th Cir. 2012).

When a significant procedural error occurs at sentencing, remand for resentencing is required unless the error was harmless.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).  The district court's remarks at sentencing convincingly demonstrate that it had a particular sentence in mind, that it would have imposed the same 50-month sentence had it not made the alleged error with respect to imposition of the enhancement, and that it would have imposed that sentence for the same reasons.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 714, 718 (5th Cir. 2010); *see also Richardson*, 713 F.3d at 237 ("[A]ny error in calculating the total offense level was harmless, given the district court's clear statements that it would have imposed the same sentence regardless of the correctness in the calculation.").  Because the Government has sufficiently demonstrated that any error in applying the enhancement was harmless, the district court's judgment is **AFFIRMED**.