# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2016

Lyle W. Cayce
Clerk

No. 15-41677 c/w
No. 15-41679
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY WAYNE CASTLE,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-218-1
USDC No. 2:09-CR-571-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Gary Wayne Castle pleaded guilty to one count of possession with intent to distribute marijuana and one count of failure to appear. He was sentenced to a total term of 65 months of imprisonment, a five-year term of supervised

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41677 c/w
No. 15-41679

release as to the drug offense, and a three-year term of supervised release as No. 15-41677 c/w No. 15-41679 to the failure to appear offense. On appeal, Castle contends that his sentence was substantively unreasonable because the district court, when imposing a sentence it understood to be above the applicable guidelines range, gave undue weight to one of the 18 U.S.C. § 3553(a) factors. Alternatively, Castle contends that the case should be remanded for correction of the judgments to reflect that he was sentenced to 60 months on the drug offense and five months on the failure to appear offense, to be served consecutively.

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Gall*, 552 U.S. at 51. If there is no error or the error is harmless, we may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.*; *see also Delgado-Martinez*, 564 F.3d at 751-53.

Assuming that the sentence imposed in this case was above-guidelines, the presumption of reasonableness does not apply. *See Gall*, 552 U.S. at 51. While we "may consider the extent of the deviation," we must also "give due deference to the district court's decision that the [§] 3553(a) factors, as a whole, justify the extent of the variance." *United States v. Churchwell*, 807 F.3d 107, 123 (5th Cir. 2015). A sentence above the Guidelines "unreasonably fails to reflect the statutory sentencing factors . . . where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment

No. 15-41677 c/w
No. 15-41679

in balancing the sentencing factors." *Id*. (internal quotation marks and citation omitted).

Here, the district court specifically stated that the sentence was justified in light of the § 3553(a) factors, and referenced both the seriousness of the underlying drug offense and the need to deter future criminal conduct. The district court listened to Castle describe how he trafficked marijuana on two separate occasions, totaling more than 157 kilograms; noted that Castle had absconded for six years after committing the drug offense; and adopted the presentence report, which discussed Castle's criminal history. The extent of the departure or variance, five months above the guidelines range of 60 months, is well within the range of departures or variances that we have upheld. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). Given the significant deference that is due a district court's consideration of the § 3553(a) factors and the district court's explanation of its sentencing decision, Castle has not demonstrated that his sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51-53.

We also decline to remand for correction of the judgments. The judgments as written accurately reflect the law and the district court's intentions. *See* 18 U.S.C. § 3146(b)(2); 18 U.S.C. § 3147.

AFFIRMED.