# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10673
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTIAN GERARDO SANCHEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-81-4

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Christian Gerardo Sanchez challenges the sentence imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, a controlled substance, in violation of 21 U.S.C. §§ 846, 841 (a)(1) & (b)(1)(B). He claims the district court committed clear error by finding, under Sentencing Guideline § 2D1.1(b)(12), that he maintained a premises for the purpose of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10673

manufacturing or distributing a controlled substance, resulting in a two-level enhancement to his base offense level.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court's application of Guideline § 2D1.1(b)(12) is a factual finding which, as provided above, is reviewed only for clear error. *E.g., United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017). As long as a factual finding is plausible in the light of the record as a whole, it is not clearly erroneous and should be upheld. *E.g., United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

In the presentence investigation report (PSR), the probation officer recommended the § 2D1.1(b)(12) adjustment based on information that Sanchez and codefendant Jimenez resided at a stash house, which they used to store and distribute methamphetamine on behalf of codefendant Barajas, who paid for the house. The PSR noted that information was derived, in part, from material compiled and prepared by Drug Enforcement Administration (DEA) agents and task-force officers, as well as from Jimenez' post-arrest statements. Sanchez presented testimony at sentencing from his stepfather to rebut the PSR's finding Sanchez resided at the stash house. In response, the

No. 17-10673

Government presented testimony from a DEA task-force member who clarified that Jimenez stated he and Sanchez were the caretakers of the stash house.

Sanchez contends, for the first time on appeal, that the court should not have relied on the task-force member's testimony because Sanchez was not provided with sufficient notice. This issue was not sufficiently briefed. In any event, because Sanchez did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Sanchez fails to show the requisite clear or obvious error because the testimony was merely a clarification of a statement discussed in the PSR. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Angeles-Mendoza*, 407 F.3d 742, 749 n.12 (5th Cir. 2005). Especially in the light of that testimony, the district court's factual finding that Sanchez exhibited sufficient control over the stash house was plausible. *Guzman-Reyes*, 853 F.3d at 263; U.S.S.G. § 2D1.1, cmt. 17. (As a result, the other issue raised for the first time on appeal and also not adequately briefed—that the court erroneously relied only on the reasons provided in the Government's pre-sentencing response to Sanchez' objection to the PSR's Guideline § 2D1.1(b)12) recommendation—also fails.)

AFFIRMED.