# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

No. 19-51038
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JAMES LEROY MCMILLION,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-283-16

Before JONES, BARKSDALE, and Stewart, *Circuit Judges.*

PER CURIAM:*

James Leroy McMillion pleaded guilty to one count of conspiracy to

possess, with intent to distribute, 50 grams or more of methamphetamine, in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51038

violation of 21 U.S.C. § 846, and one count of distribution of 50 grams or more of methamphetamine, in violation of § 841(a)(1). He was sentenced to, *inter alia*, 87-months' imprisonment.

McMillion challenges the district court's application of the dangerous-weapon enhancement under Sentencing Guideline § 2D1.1 (b)(1); contends the court failed to rule on a disputed factual finding, as required by Federal Rule of Criminal Procedure 32(i)(3)(B), when it overruled his objection to the enhancement; and maintains the court improperly shifted the burden of proof and pressured him into waiving his objection to the quantity-of-drug estimate, violating his right to due process. His claims fail.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The court's determination that the Guideline § 2D1.1(b)(1) enhancement applies is a factual finding and is, therefore, reviewed only for clear error. *United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016). Section 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous

No. 19-51038

weapon (including a firearm) was possessed" during a drug-trafficking offense. The Government must establish possession of a weapon within the meaning of § 2D1.1(b)(1) by a preponderance of the evidence—which it may do by showing "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant". *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014) (internal quotation marks and citation omitted). If the Government carries this burden, defendant can avoid the enhancement only by showing it is "clearly improbable that the weapon was connected with the offense". *Romans*, 823 F.3d at 317 (internal quotation marks and citation omitted).

A Special Agent's testimony established McMillion used his RV to conduct drug transactions and acquired at least one firearm as collateral for such a transaction. The Agent testified that this firearm, as well as another firearm and drugs, were stolen from the RV and that, pursuant to intercepts, McMillion "referenced frequently going back and forth" to the vehicle on the day it was burglarized. Based on these facts, the court reasonably inferred the firearms and drugs were stored in proximity of each other, as well as in a place McMillion performed drug activity. *See King*, 773 F.3d at 52–53 (applying enhancement because drugs and firearm were stored in the same residence).

McMillion's contention that the firearms may have been inoperable or locked in a safe does not satisfy his burden of rebutting the Government's evidence. *See United States v. Rodriguez*, 62 F.3d 723, 724–25 (5th Cir. 1995) ("That the weapon was not brandished and was unloaded does not negate a

finding of possession under § 2D1.1(b)(1).  The dispositive factor is the accessibility of the weapon to the defendant.") (citations omitted); *United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990) (noting the inoperable character of a gun is not dispositive).  The court did not clearly err in applying the § 2D1.1(b)(1) enhancement.

Because McMillion did not raise his Rule 32 and due-process claims in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, McMillion must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Regarding Rule 32, the court did not commit the requisite clear or obvious error in overruling McMillion's objection to the dangerous-weapon enhancement.  Rule 32(i)(3)(B) requires the court to make findings regarding disputed factual issues that affect sentencing.  Fed. R. Crim. P. 32(i)(3)(B). A court may make implicit findings through adopting the presentence investigation report (PSR), which "operate[s] to satisfy the mandates of Rule 32 when the findings in the PSR are so clear that the reviewing court is not left to 'second-guess' the basis for the sentencing decision". *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994).  Application of the dangerous-

weapon enhancement is supported by the PSR and the Agent's testimony; we have no basis to second-guess the court's sentencing decision.

McMillion's due-process claim similarly fails. McMillion had the burden to rebut the PSR with respect to the quantity-of-drug estimate; the district court did not improperly shift the burden to him in violation of his due-process rights. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). McMillion's assertion that the court attempted to coerce him into withdrawing his objection is also not supported by the record. Accordingly, there is no clear or obvious error.

AFFIRMED.