# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 19-11331
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ETHEL MAE LOVE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-164-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Ethel Mae Love appeals her conviction and sentence for maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). For

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

her conviction, she challenges the sufficiency of the evidence; for her sentence, she claims clear-error. Each issue fails.

Regarding her conviction for maintaining a drug-involved premises, she claims: the evidence was insufficient to support her conviction of maintaining a drug-involved premises; and the Government did not provide evidence from which the jury could reasonably infer that she knew about the marihuana recovered from the residence.

Where, as here, defendant preserves such claims by timely moving for judgment of acquittal, our review is *de novo*. *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005). A preserved challenge to the sufficiency of the evidence is reviewed to determine whether, "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Although Love contends most of the stored marihuana was hidden from view in a box and tote bag located in a storage room, the evidence regarding the stored marihuana, Love's statement to police, and evidence of additional drugs and drug paraphernalia scattered throughout the living room meet this standard.

In challenging her sentence, Love claims the district court committed clear error in: finding Love and Bellah were involved in a jointly undertaken criminal activity under Guideline § 1B1.3(a)(1)(B); and increasing Love's offense level by two under Guideline § 2K2.1(b)(4)(A) due to Bellah's possession of a stolen firearm in the course of that activity.

Although, post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S.

38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g. United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Under the Guidelines applicable to unlawful firearms possession, defendant's offense level should be increased by two "[i]f any firearm . . . was stolen". U.S.S.G. § 2K2.1(b)(4)(A). Guideline § 1B1.3(a)(1)(B) defines a "jointly undertaken criminal activity" as "a criminal plan, scheme, endeavor, or enterprise undertaken by . . . defendant in concert with others, whether or not charged as a conspiracy". When involved in a jointly undertaken criminal activity, defendant receives sentence enhancements based on the conduct of others in that activity. *Id.* (stating sentences for jointly undertaken criminal activities include "all acts and omissions of others . . . that occurred during the commission of the offense of conviction").

The court sentenced Love to a within-Guidelines range of, *inter alia*, 48 months' imprisonment for each count, to run concurrently. The presentence investigation report, the trial (at which Love did not present evidence), and Love's interview with officers support finding that Love and Bellah were involved in a jointly undertaken criminal activity. In that regard, Love was found responsible for the firearm in Bellah's possession at the time of the search. Accordingly, the district court applied both the joint criminal activity enhancement and the firearm-in-connection-with-another-felony-offense enhancement.

AFFIRMED.