# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 20, 2021

Lyle W. Cayce
Clerk

No. 19-11118
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROYAL BRUCE RICHARDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-112-2

Before BARKSDALE, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Royal Bruce Richards pleaded guilty to conspiracy to possess, with intent to distribute, a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11118

He was sentenced to, *inter alia*, a within-Sentencing Guidelines term of 87-months' imprisonment.

Richards challenges the court's calculation of the drug quantity attributable to him. Although post-Booker, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The determination of the drug quantity for sentencing purposes is a factual finding, resulting in review only for clear error. *E.g.*, *United States v. Dinh*, 920 F.3d 307, 310 (5th Cir. 2019) (citations omitted). And, a district court may adopt the facts from a presentence investigation report (PSR) "without further inquiry *if* those facts have an adequate evidentiary basis with sufficient indicia of reliability *and* the defendant does not present rebuttal evidence." *Id.* at 313 (internal quotation marks and citations omitted) (emphasis in original). Moreover, when calculating drug quantity, the district court can consider the statements of coconspirators even if they "are somewhat imprecise", as long as they are not "implausible". *United States v. Kearby*, 943 F.3d 969, 974–75 (5th Cir. 2019) (internal quotation marks omitted).

The PSR stated Richards was responsible for 5,561.85 grams of methamphetamine, based on: amounts found in his vehicle and residence; and his distributing to three coconspirators. The PSR stated, *inter alia*,

No. 19-11118

Richards was responsible for 105 ounces of methamphetamine, based on daily sales of one ounce for 105 days to one of the three coconspirators (the resulting amount comprised approximately 54 percent of the drug quantity). This finding was based on the coconspirator's statement that his and Richards' drug relationship stretched from August or September 2018 until Richards' arrest that December.

In the same interview, however, the coconspirator stated he purchased methamphetamine from Richards for "approximately six to eight weeks". Richards contends the drug-quantity calculation should include one ounce of methamphetamine a day for six to eight weeks, rather than for 105 days.

Richards fails to show the longer distribution window adopted by the district court was implausible. *See Kearby*, 943 F.3d at 974–75; *see also United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). An addendum to the PSR provides that the coconspirator's statement is reliable, because it was consistent with a drug ledger Richards kept during a portion of the time he distributed methamphetamine to the coconspirator. At sentencing, however, Richards did not introduce the drug ledger or present any other rebuttal evidence to support the shorter window. Accordingly, the district court was entitled to rely on the facts provided in the PSR. *See Dinh*, 920 F.3d at 313. In short, Richards has not demonstrated the requisite clear error. *See Betancourt*, 422 F.3d at 246.

AFFIRMED.