# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-30714
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Perdarius K. Marshall,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-194-1

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Perdarius K. Marshall challenges the 120-month sentence of imprisonment imposed for his guilty-plea convictions for: possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during a drug-trafficking

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30714

offense, in violation of 18 U.S.C. § 924(c)(1)(A).  He contends his sentence is excessive in the light of the totality of the circumstances and the relevant 18 U.S.C. § 3553(a) sentencing factors.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If, as in this instance, no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As addressed by the Government, the court imposed the lowest sentence possible in the light of the relevant statutory minimums and the statutory provision requiring the imprisonment term for the firearm offense to run consecutively to any other imprisonment term.  *See* 18 U.S.C. § 924(c)(1)(A), (D)(ii); 21 U.S.C. § 841(b)(1)(B)(viii).  Marshall fails to show otherwise.  Accordingly, there was no abuse of discretion.

AFFIRMED.