# United States Court of Appeals for the Fifth Circuit

---

No. 22-10417
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 23, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARRIUS FERGUSON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-30-3

---

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Darrius Ferguson acted as a "pimp" for a minor victim (MV1), working with his co-defendant, Qumain Black, and traveling with MV1 to cities throughout Oklahoma and Texas so that MV1 could engage in commercial sex work. Ferguson pleaded guilty to one count of conspiracy to commit sex trafficking of a minor, 18 U.S.C. § 1594(c) (§ 1591(a)(1) & (b)(2)).

---

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.

He was sentenced to a within-guidelines sentence of 190 months of imprisonment and a 10-year period of supervised release. His offense level included a two-level enhancement for unduly influencing a minor to engage in a prohibited sex act pursuant to U.S.S.G. § 2G1.3(b)(2)(B). Ferguson contends the district court committed procedural error when it applied the enhancement.

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *See United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012); *see also United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009) (recognizing that the district court commits a procedural error if it miscalculates the advisory guidelines range). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Serfass*, 684 F.3d at 550 (internal quotation marks and citation omitted).

Section 2G1.3(b)(2)(B) provides for a two-level increase if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." The enhancement "applies where 'a participant's influence over the minor compromised the voluntariness of the minor's behavior.'" *United States v. Smith*, 895 F.3d 410, 417 (5th Cir. 2018) (quoting § 2G1.3, comment. (n.3(B))). A "participant" is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1); *see* § 2G1.3, comment. (n.1). Where a participant in the offense is at least 10 years older than the minor, there is a rebuttable presumption that the enhancement applies. § 2G1.3, comment. (n.3(B)).

While Ferguson admits that the rebuttable presumption of undue influence applied to Black, he argues that there was insufficient evidence to apply the enhancement based on his own conduct, and that the record

showed that MV1 was predisposed to engage in prostitution on her own accord. Ferguson's argument fails for two reasons. First, the record reflects that Ferguson exercised sufficient undue influence over MV1 to support the enhancement based solely on his own conduct. *See Serfass*, 684 F.3d at 550; *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009); *United States v. Pringler*, 765 F.3d 445, 456 (5th Cir. 2014).

Second, even if Black alone unduly influenced MV1, § 2G1.3(b)(2)(B) applies based on the conduct of *any* offense participant. The rebuttable presumption applies to Black, who is over 10 years older than MV1, and Ferguson did not offer any evidence to rebut the presumption of undue influence. Ferguson does not dispute that Black was a participant in the offense and, in fact, urges that his own role in the operation was minimal relative to Black's role in the "prostitution activities." Thus, Ferguson does not deny that Black unduly influenced MV1 to engage in sex work, a conclusion supported by the record; nor does he contend that Black's conduct was outside the scope of or not in furtherance of their joint criminal undertaking or that it was not reasonably foreseeable in connection with the offense. *See* U.S.S.G. § 1B1.3(a)(1)(B). Accordingly, there was no error in applying the undue influence enhancement to Ferguson. *See Smith*, 895 F.3d at 417.

AFFIRMED.