# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30557
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Keith Jenkins,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-64-1

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Keith Jenkins pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (count one) and possession of 500 grams or more of cocaine with intent to distribute (count two). *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)–(B), 846. Relying on the presentence investigation report (PSR), the district court determined that,

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30557

pursuant to Sentencing Guideline § 5G1.1(c)(2), the Guidelines required count one's statutory minimum of 120-months' imprisonment and sentenced Jenkins accordingly. *See* § 841(b)(1)(A) (count one carrying 10-year mandatory minimum), (b)(1)(B) (count two carrying five-year mandatory minimum); U.S.S.G. § 5G1.1(c)(2) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence".).

Jenkins challenges his sentence as procedurally and substantively unreasonable. He maintains the district court procedurally erred by failing to apply the First Step Act of 2018's (FSA) safety-valve provision, 18 U.S.C. § 3553(f); imposed a substantively unreasonable sentence; and failed to explain its reasons for the sentence. The Government agrees that Jenkins was eligible for the statutory safety valve and concedes that the court, by failing to apply the provision, miscalculated the Guidelines sentencing range.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines—including its legal interpretation of § 3553(f)—is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Towns*, 718 F.3d 404, 407 (5th Cir. 2013).

As noted, the parties agree that Jenkins was eligible for FSA's safety-valve provision. It states that, in cases involving defendants convicted of certain controlled-substance offenses who meet specified criteria, a district

court "*shall* impose a sentence pursuant to Guidelines", as promulgated by the U.S. Sentencing Commission, "without regard to any statutory minimum sentence". § 3553(f) (emphasis added); *see United States v. Miller*, 179 F.3d 961, 964 (5th Cir. 1999) ("The safety valve provision is an exception to the general rule under the Guidelines that, if the statutory mandatory minimum sentence is greater than the maximum Guideline range, the statutory sentence must be the Guideline sentence.").

The Guidelines also include a safety-valve provision, which generally mirrors § 3553(f), and provides a two-level offense level reduction for defendants who satisfy the safety-valve requirements. *See* U.S.S.G. §§ 2D1.1(b)(18); 5C1.2(a). The Guidelines, however, have not been amended since passage of FSA; therefore, the Guidelines safety valve currently excludes defendants with more than one criminal-history point, while the statutory safety valve does not. *See* § 3553(f); § 5C1.2(a)(1).

The PSR determined that Jenkins' Guidelines sentence was 120 months, even though the mandatory minimum should not have applied because Jenkins qualified for the § 3553(f) safety valve. *See* § 841(b)(1)(A); § 3553(f). The court adopted the PSR, including this Guidelines miscalculation. Further, the PSR erroneously stated that, pursuant to FSA, the court had the discretion to grant a two-level reduction to the offense level even though Jenkins had more than one criminal-history point. In doing so, the PSR and the court conflated § 3553(f) with § 5C1.2(a)(1). The court's remarks—specifically, the statement that it "found no reason" to apply the safety valve—also demonstrate it believed the application of FSA's safety valve was discretionary.

Because the error affected "the district court's selection of the sentence imposed", it was not harmless, and we need not consider Jenkins' other assertions concerning substantive reasonableness and the court's

No. 22-30557

failure to state reasons for the sentence. *Delgado-Martinez*, 564 F.3d at 753 (citation omitted).

The conviction is AFFIRMED; the sentence VACATED; and this matter is REMANDED to district court for resentencing consistent with the FSA.