# United States Court of Appeals for the Fifth Circuit

————————

No. 23-50796
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Selvyn Gustavo Mejia Marroquin,

*Defendant—Appellant*.

————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2981-1

————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Selvyn Gustavo Mejia Marroquin challenges his within-Guidelines 51-months' sentence received after pleading guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He asserts his sentence is substantively unreasonable because: it overstates the seriousness of illegal reentry; and the district court improperly balanced the 18 U.S.C. § 3553(a)

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentencing factors.  He also asserts the recidivism enhancement in 8 U.S.C. § 1326(b) is unconstitutional.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

For starters, and regarding one of his challenges to the reasonableness of his sentence, Marroquin's assertion that violations of 8 U.S.C. § 1326 generally result in unreasonably punitive sentences has been rejected by our court because the statute's penalties reflect Congress' conclusion that this offense is serious.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008) (rejecting assertion that illegal reentry is merely simple trespass).

Likewise, and as he concedes, his constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019) (discussing *Almendarez-Torres*).  He raises this challenge only to preserve it for possible further review.

Because Marroquin's sentence was within the Guidelines sentencing range, a presumption of reasonableness applies.  *See United States v. Simpson*, 796 F.3d 548, 557–58 (5th Cir. 2015) (outlining standard).  He has not rebutted this presumption by showing his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant

No. 23-50796

weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *Id.* at 558 (citation omitted).

AFFIRMED.