# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50399
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Raul Fernandez-Martinez,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-2242-1

_____

Before Barksdale, Stewart, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Raul Fernandez-Martinez challenges his within-Guidelines 12-months' sentence, imposed following his guilty-plea conviction for conspiracy to transport aliens unlawfully present in the United States and transporting aliens unlawfully present in the United States for financial gain, in violation of 8 U.S.C. § 1324.  Fernandez contests the district court's application of a two-level reckless-endangerment enhancement under

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Sentencing Guideline 2L1.1(b)(6) (quoted *infra*).  For the following reasons, his contention lacks merit.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines provide for a two-level increase to defendant's base-offense level "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person".  U.S.S.G. § 2L1.1(b)(6).  Whether an offense involved the reckless endangerment of another is a factual finding, reviewed for clear error.  *E.g.*, *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).  The transportation of aliens in the trunk of a vehicle, which is the conduct (transporting two aliens in the trunk in this instance) giving rise to the enhancement at issue, is listed in the Guidelines commentary as "reckless conduct".  U.S.S.G. § 2L1.1 cmt. 3; *see United States v. Mateo Garza*, 541 F.3d 290, 294 (5th Cir. 2008) (transporting persons in trunk of vehicle is *per se* example of conduct that creates substantial risk of serious bodily injury or death because trunks are not designed to hold human passengers).  Accordingly, the district court did not err by enhancing Fernandez' sentence based on its finding Fernandez transported two aliens in the trunk of his vehicle.

AFFIRMED.