# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-50027
Summary Calendar

―――――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Felicia Perez,

*Defendant—Appellant*.

_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2024

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-120-1

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Contending her sentence is substantively unreasonable, Felicia Perez challenges her above-Guidelines 60 months' sentence, imposed following her guilty-plea conviction for escape from federal custody, in violation of 18 U.S.C. § 751(a).

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50027

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

An above-Guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Review of a sentence's substantive reasonableness is understandably "highly deferential" to the district court. *Id.* (citation omitted). A district court may "rely on factors already incorporated by the Guidelines to support a non-Guidelines sentence". *United States v. Hudgens*, 4 F.4th 352, 358–59 (5th Cir. 2021) (citation omitted). For the following reasons, there was no abuse of discretion.

The court properly considered the 18 U.S.C. § 3553(a) sentencing factors and the presentence investigation report (PSR). *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (district court may adopt facts in PSR without additional inquiry "if [, as in this instance,] those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable") (citation omitted). The court concluded an upward variance was justified by Perez' very extensive criminal history, instances of recidivism, and demonstrated failure to comply with

2

past court orders. *See United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011) (upward variance was not an abuse of discretion because it was "commensurate with the individualized, case-specific reasons provided by the district court") (citation omitted).

Although Perez may disagree with how the relevant considerations were balanced, this court will not independently reweigh the § 3553(a) factors or substitute its judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Finally, the extent of the upward variance was not unreasonable. *E.g.*, *Hudgens*, 4 F.4th at 359 (noting even "major" upward variance is generally reasonable when, as in this instance, it falls within the statutory maximum sentence).

AFFIRMED.