# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2025

Lyle W. Cayce
Clerk

—————————

No. 24-50322
Summary Calendar

—————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROGERS ANTHONY MARSHALL,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CR-109-6

_____

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Rogers Anthony Marshall appeals his within-Guidelines 465-months' sentence arising out of his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

contends the district court erred in: enhancing his base offense level under Sentencing Guideline § 2D1.1(b)(12) (described *infra*); determining the amount of methamphetamine it attributed to him; and classifying the methamphetamine for which he was responsible as methamphetamine (actual). Each issue fails for the following reasons.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court's application of Guideline § 2D1.1(b)(12), and its calculation of the quantity of drugs involved in an offense, are both factual findings reviewed for clear error. *United States v. Wesley*, 123 F.4th 423, 426 (5th Cir. 2024) (maintaining premises); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (drug quantity). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

A two-level enhancement is appropriate if defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance". U.S.S.G. § 2D1.1(b)(12). "Among the factors [a] court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled

access to, or activities at, the premises." U.S.S.G. § 2D1.1 cmt. n.17. The record shows that Marshall stored methamphetamine at another co-conspirator's home and controlled activities that occurred in the home. Importantly, Marshall "has offered no evidence that his access to the home and activities within the premises were limited" or that "his access to the premises was impeded by other individuals using the home". *Wesley*, 123 F.4th at 429. The court did not clearly err in applying an enhancement under Guideline § 2D1.1(b)(12). *See Villanueva*, 408 F.3d at 203.

Regarding the court's finding Marshall was responsible for 168.35 kilograms of methamphetamine (actual), he claims the correct quantity of methamphetamine he was responsible for was the 10.16 kilograms of methamphetamine police recovered when he was arrested. But, "[d]rugs used in calculating a defendant's base offense level include both those drugs in the distribution of which he was directly involved", and, as relevant conduct, "those drugs foreseeably distributed in furtherance of the conspiracy". *United States v. Rojas*, 812 F.3d 382, 412 (5th Cir. 2016) (citation omitted); *see* U.S.S.G. § 1B1.3(a)(1)(B) & cmt. n.3(A) (defining relevant conduct in jointly-undertaken criminal activity).

Testimony from the sentencing hearing shows that Marshall and his girlfriend sold approximately 10 kilograms of methamphetamine per week over the course of a year. The record also shows, *inter alia*: they stored and distributed kilograms of methamphetamine out of a home and acquired kilograms of methamphetamine from various suppliers; and Marshall had spent, at one point, $50,000 on methamphetamine. Accordingly, the court did not clearly err in finding the amount of methamphetamine attributable to him. *See Villanueva*, 408 F.3d at 203.

Finally, Marshall contends the court erred by using a base offense level of 38 for methamphetamine (actual) under Guideline § 2D1.1(c)(1)

without lab reports confirming purity of the methamphetamine. Marshall (as he also concedes) did not raise this issue in district court. Because the issue was not preserved, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Even assuming *arguendo* the court committed the requisite clear-or-obvious error, Marshall could not demonstrate his substantial rights were affected because his base offense level of 38 would have remained the same had the methamphetamine amount been classified as a mixture or substance containing methamphetamine, instead of as methamphetamine (actual). *See* U.S.S.G. § 2D1.1(c)(1) (base offense level 38 applies to offenses involving 45 kilograms or more methamphetamine mixture or substance; as noted, the district court's finding, upheld *supra*, was that he was responsible for 168.35 kilograms of methamphetamine); *see also United States v. Solis*, 299 F.3d 420, 461–62 (5th Cir. 2002) (concluding that, even if district court incorrectly attributed drug quantity to defendant as relevant conduct, any error was harmless because it did not affect defendant's combined adjusted offense level).

AFFIRMED.