# United States Court of Appeals for the Fifth Circuit

---

No. 23-30877
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Arisa Johnson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-17-3

---

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Arisa Johnson challenges his within-Guidelines 168-months' sentence, imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. In doing so, he contests the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's application of a two-level aggravating-role enhancement under Sentencing Guideline § 3B1.1(c) (quoted *infra*).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Government contends the issue at hand was not preserved by a sufficiently specific objection in district court. We assume, without deciding, that Johnson preserved the contention he presents on appeal. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (declining to decide standard of review when claim fails under more lenient standard).

The Guideline at issue provides for a two-level enhancement if "defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving fewer than five participants. U.S.S.G. § 3B1.1(c). Whether defendant occupied an aggravating role is a factual finding, reviewed for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281–82 (5th Cir. 2015). "A factual finding that is plausible based on the record as a whole is not clearly erroneous." *Id.* at 282.

The district court did not clearly err by applying the enhancement. *Id.* at 281. In that regard, the record as a whole plausibly supports the application of Guideline § 3B1.1(c). *Inter alia*, Johnson recruited at least one coconspirator; paid the recruit for his role in the conspiracy; and arranged for

No. 23-30877

the recruit to accept and store numerous shipments of large quantities of drugs, which Johnson would later retrieve. *See Ochoa-Gomez*, 777 F.3d at 282 (factors supporting application of enhancement include "exercising control over another participant or exercising management responsibility over property, assets, or activities"); § 3B1.1 cmt. n.4 (factors to consider); *United States v. Guzman-Reyes*, 853 F.3d 260, 265–66 (5th Cir. 2017).

AFFIRMED.