# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2021

Lyle W. Cayce
Clerk

No. 20-10457
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Tyrone Alexander Taylor,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-268-2

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Tyrone Alexander Taylor was convicted, pursuant to his guilty plea, of two counts of sexual exploitation of children (in violation of 18 U.S.C. § 2251(a),(e)) and one count of possession of a visual depiction of a minor engaged in sexually explicit conduct (in violation of 18 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

§ 2252(a)(4)(B)). His guidelines range was life imprisonment. The district court sentenced Taylor to consecutive statutory maximum sentences on all three counts.

Taylor argues that a five-level enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) should not have been applied because his conviction for possession of a visual depiction of a minor engaged in sexually explicit conduct is not a covered sex crime. Our review is for plain error because Taylor did not object to the § 4B1.5(b)(1) enhancement on this ground in the district court. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes this showing, "the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Here, although Taylor's conviction for possession of a visual depiction of a minor engaged in sexually explicit conduct is not a covered sex crime, his convictions for sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), *are* covered sex crimes. *See* § 4B1.5, cmt. n.2 (2018). Because Taylor has not demonstrated that application of the enhancement was clear or obvious error, he has not satisfied the plain error standard. *See Puckett*, 556 U.S. at 135.

In addition, Taylor renews his contention that the district court erred by failing to group his counts pursuant to U.S.S.G. § 3D1.2(c). The Government argues that the district court did not so err and, in the alternative, contends that any grouping error was harmless. For the following

reasons, we agree that the alleged error in failing to group counts would be harmless and therefore we need not decide the grouping issue. *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 429-30 (5th Cir. 2014).

"A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (internal quotation marks and citation omitted). The proponent of the sentence must show that the sentence was in no way influenced by the erroneous guidelines calculation. *United States v. Ibarra-Luna*, 628 F.3d 712, 718-19 (5th Cir. 2010).

Here, the probation officer determined that Taylor had a total offense level of 47 after a reduction for acceptance of responsibility. By Taylor's own calculations, as set forth in his brief, if he is successful in his challenge to the district court's failure to group counts, the net effect of the grouping is that he will accrue only four offense levels under U.S.S.G. § 3D1.4(a), whereas he accrued five levels under § 3D1.4(a) in the probation officer's calculations. Thus, in the final analysis, were the grouping issue to be resolved in Taylor's favor, he would have a total offense level of 46 rather than 47. Because an offense level greater than 43 is treated as an offense level of 43, the alleged error in failing to group counts had no effect on Taylor's total offense level; it is 43 in either event. *See* U.S.S.G. Ch. 5, Pt. A cmt. n.2 (2018).

Thus, any error in failing to group counts was harmless because it did not affect the ultimate determination that Taylor had 43 offense levels, which resulted in a sentencing range of life imprisonment. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 315 (5th Cir. 2013).

AFFIRMED.