# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 26, 2021

Lyle W. Cayce
Clerk

No. 21-20227
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VALENTE ARIAS-AVILA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-662-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Valente Arias-Avila was convicted of illegal reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(1). He contests his above-Sentencing Guidelines term of 48-months' imprisonment, contending it is substantively unreasonable because it represents an extreme deviation from the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Guidelines' recommended two-to-eight-month term of imprisonment which is not justified by the facts in this case.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence, as in this case, is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Arias does not claim procedural error, placing at issue only whether a lesser sentence was appropriate in the light of how the court weighed his history and characteristics. For the following reasons, he does not establish abuse of discretion. *See Gall*, 552 U.S. at 51 (noting review "give[s] due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [sentencing] factors, on a whole, justify the extent of the variance"; and contention "appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court".); *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) (stating our court will not "reweigh the sentencing factors and substitute [its] judgment for that of the district court").

The district court's considerable departure or variance is not unprecedented. *See, e.g.*, *United States v. McElwee*, 646 F.3d 328, 342–45 (5th Cir. 2011) (noting our court has "upheld substantial Guidelines deviations" when "district court based its upward variance on permissible, properly spelled-out considerations"). The court provided such considerations

No. 21-20227

concerning Arias' history and characteristics, concluding the Guidelines range failed to provide an appropriate sentence. *See id.* A judge "may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented". *Gall*, 552 U.S. at 50 (citation omitted).

AFFIRMED.