# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30440
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 29, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Julius Winfield, III,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-169-1

———————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Julius Winfield, III, contests his within-Guidelines 78-months' sentence, following his guilty-plea conviction for distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (prohibiting distribution of controlled substance), (b)(1)(C) (outlining penalty). He asserts the court abused its discretion by imposing a substantively-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

unreasonable sentence based on the Sentencing Guidelines' disparate treatment of pure methamphetamine relative to a methamphetamine mixture. Winfield maintains this distinction lacks an empirical basis and results in unjust sentences and unwarranted sentencing disparities.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Winfield's within-Guidelines sentence is presumptively reasonable, and he has failed to rebut this presumption or show the court otherwise abused its discretion. *See United States v. Lara*, 23 F.4th 459, 485–86 (5th Cir. 2022) (rejecting empirical challenge); *United States v. Douglas*, 957 F.3d 602, 609–10 (5th Cir. 2020) ("[Defendant] is effectively asking us to reweigh the district court's calculus of the relevant factors, which we will not do".); *United States v. Malone*, 828 F.3d 331, 338–39 (5th Cir. 2016) ("[A] defendant is entitled to have his sentence set by a judge aware of the discretion [to vary] . . . . [Nevertheless,] a district judge is never *required* to vary". (emphasis in original) (citation omitted)).

AFFIRMED.