# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2024

Lyle W. Cayce
Clerk

No. 23-10636
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICHARD LEE ORTIZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-1-1

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Richard Lee Ortiz contests his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 (prohibiting conspiracy), 841(a)(1) (prohibiting distribution of controlled substance), 841(b)(1)(B) (outlining penalty). He asserts the district court erred in applying a two-level

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

enhancement under Sentencing Guideline § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.").

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "The district court's determination that § 2D1.1(b)(1) applies is a factual finding reviewed for clear error." *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014) (citation omitted).

Where, as here, a codefendant possessed the weapon, the enhancement applies if "the defendant could have reasonably foreseen that possession". *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). Foreseeability may be inferred "from the coparticipant's knowing possession of the weapon". *Id.* Additionally, a codefendant's use of a firearm is generally considered "foreseeable because firearms are tools of the trade in drug conspiracies". *United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993) (citation omitted).

The record shows: Ortiz' codefendants agreed to transport methamphetamine from Ortiz' residence on his behalf; police observed Ortiz and codefendants leave Ortiz' residence in separate vehicles; as police followed the codefendants, the police observed codefendants throwing objects, later revealed as including methamphetamine, out of their vehicle; and a shotgun was found on the back seat of codefendants' vehicle. In the

light of this record, the court plausibly inferred the codefendants' possession of the firearm was reasonably foreseeable to Ortiz. *E.g.*, *King*, 773 F.3d at 52–55; *Mergerson*, 4 F.3d at 350. Ortiz fails to show the requisite clear error. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) ("We will find clear error only if a review of the record results in a definite and firm conviction that a mistake has been committed." (citation omitted)).

AFFIRMED.