# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30611
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE VALDEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-124-2

---

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Jose Valdez challenges his within-Guidelines 168-months' sentence, imposed following his guilty-plea convictions for: Count 1, conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (prohibiting possession with intent to distribute), (b)(1)(B)(viii) (setting penalty), 21 U.S.C. § 846 (prohibiting conspiracy), 18 U.S.C. § 2 (punishing as principals those who aid and abet

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

crimes); and Count 9, possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Valdez contends his sentence is substantively unreasonable. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Insofar as Valdez contests the court's denial of his request for a downward departure as part of his claim that his sentence is substantively unreasonable, we lack jurisdiction to review the departure denial. *E.g.*, *United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018) (explaining our court lacks jurisdiction "unless the court based its decision upon an erroneous belief that it lacked the authority to depart" (citation omitted)).

A within-Guidelines sentence is presumptively reasonable "even if the relevant Guideline is not empirically based". *United States v. Lara*, 23 F.4th 459, 485–86 (5th Cir. 2022). Valdez' mere disagreement with the sentence is insufficient to "show[] that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

No. 23-30611

Regarding Count 1, and as noted *supra*, Valdez pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); 21 U.S.C. § 846; and 18 U.S.C. § 2. Although the written judgment correctly lists the two subsections of § 841, it fails to identify § 846 and § 2 as additional statutes of conviction. Accordingly, there is a clerical error in the written judgment, which is subject to correction under Federal Rule of Criminal Procedure 36. *See United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (allowing correction where judgment "incorrectly recorded" statutes of conviction).

AFFIRMED; REMANDED to correct the clerical error in the judgment.