# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40038
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RITA MARTINEZ,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-314-1

————————————————————

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Rita Martinez appeals her within-Guidelines 360-months' sentence, imposed following her guilty-plea conviction for sex trafficking, in violation of 18 U.S.C. § 1591(a) and (b)(1).  Martinez challenges the district court's

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

application under Sentencing Guideline § 3A1.1(b)(1) of the two-level vulnerable-victim enhancement.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines provide for a two-level increase to defendant's base-offense level "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim". U.S.S.G. § 3A1.1(b)(1). This enhancement "is primarily focused on the diminished ability of the victim to thwart or resist the crime at hand". *United States v. Swenson*, 25 F.4th 309, 321 (5th Cir. 2022).

Martinez challenges the evidentiary basis of the vulnerability finding. She further contends her victims were not more vulnerable than the average victim already contemplated by her offense of conviction and base-offense level. Because "the determination of whether a victim is vulnerable is a factual finding that the district court is best-suited to make", we review for clear error. *Id.* (citation omitted). For the following reasons, the court's vulnerability finding was not clearly erroneous.

The court found the victims' illegal-alien status rendered them particularly vulnerable because they could not go to law enforcement without fear of being arrested or deported. This finding was supported by an

adequate evidentiary basis. *E.g.*, *United States v. Leonard*, 61 F.3d 1181, 1188 (5th Cir. 1995) (enhancement must be supported by a preponderance of the evidence). According to one of the victims, Martinez told her that, if she left the house alone, she would get picked up by the immigration authorities because she did not "have papers". Further, Martinez warned the victims that law enforcement would not help them. Finally, their illegal-alien status was a critical part of Martinez' criminal scheme: the victims worked for Martinez until they paid their smuggling debt.

Although Martinez contends the vulnerability of her victims was already accounted for under the statute governing her offense and in her base-offense level, the victims' illegal-alien status was not a prerequisite to Martinez' sex-trafficking offense, *see* § 1591, and it was not already accounted for in her base-offense level or the Guidelines, *see* U.S.S.G. § 2A3.1; U.S.S.G. § 2G1.3; *see also United States v. Garza*, 429 F.3d 165, 173 (5th Cir. 2005) (unlike crime of alien smuggling, offenses including mail fraud, conspiracy, and impersonating a federal employee do not necessarily involve undocumented aliens); *United States v. Cedillo-Narvaez*, 761 F.3d at 397, 403–04 (5th Cir. 2014) (holding same with respect to conviction of conspiracy to take hostages).

AFFIRMED.