# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2025

Lyle W. Cayce
Clerk

No. 23-20447
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Audu Abdul Azia Ozigi,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-619-4

———————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Audu Abdul Azia Ozigi for one count of conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349; and four counts of aiding and abetting healthcare fraud, in violation of 18 U.S.C. §§ 1347, 2. He was sentenced to, *inter alia*, a within-Guidelines range of 168-months' imprisonment. Ozigi contends: the evidence was insufficient to convict him

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of all five counts; and the district court erroneously calculated his advisory Sentencing Guidelines range.

Regarding Ozigi's sufficiency challenges, he represented himself at trial, with standby counsel. Although he contends he preserved his sufficiency challenge by renewing his motion for judgment of acquittal on 13 September 2023, it was filed 11 months after the jury was discharged on 7 October 2022, and was therefore untimely. *See* Fed. R. Crim. P. 29(c)(1) (written motion for judgment of acquittal must be filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later"); *United States v. Videa*, No. 94-20666, 1995 WL 581617, 1 & n.2 (5th Cir. 30 Aug. 1995) (untimely oral motion for judgment of acquittal, made at sentencing, "failed to preserve issue for appeal" under Rule 29(c)). Accordingly, our review is only for plain error. *E.g.*, *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017). Under that standard, Ozigi must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

"In the sufficiency of the evidence context, [our] court has stated that it will reverse under plain error review only if there is a 'manifest miscarriage of justice,' which occurs only where 'the record is devoid of evidence pointing to guilt' or the evidence is so tenuous that a conviction is 'shocking.'" *Oti*, 872 F.3d at 686 (quoting *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc)).

Ozigi has not shown the requisite plain error. The trial record, which included recordings of Ozigi, his testimony, and testimony from his

coconspirator regarding Ozigi's role in the fraud, is not devoid of evidence of his guilt of conspiracy to commit healthcare fraud. *See Delgado*, 672 F.3d at 331; *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012). The same is true for his convictions for aiding and abetting healthcare fraud. *See United States v. Martinez*, 900 F.3d 721, 729 (5th Cir. 2018) ("Evidence that supports a conspiracy conviction is generally sufficient to support an aiding and abetting conviction."). Accordingly, Ozigi has not demonstrated his conviction resulted in the requisite "manifest miscarriage of justice". *See Oti*, 872 F.3d at 686 (citation omitted).

Ozigi presents two bases in claiming the district court erred in calculating his Guidelines sentencing range. Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Ozigi first asserts the court erred by applying the two-level sophisticated-means enhancement under Guideline § 2B1.1(b)(10)(C). Whether an offense involved sophisticated means is a factual finding reviewed for clear error. *United States v. Miller*, 906 F.3d 373, 376–77 (5th Cir. 2018). A factual finding is not clearly erroneous if it is plausible in the light of the record as a whole. *Id.* at 377.

Although Ozigi generally maintains that the Medicare fraud was not especially complex or intricate, he does not address the court's finding

(found in the presentence investigation report, which the court adopted), that Medicare beneficiaries were moved among various home health agencies (HHAs) to help conceal the illegal activities. Further, Ozigi attempted to conceal the HHAs' fraudulent activities by conducting in-home patient assessments. In the light of the various methods Ozigi and the HHAs employed to make it more difficult to detect the fraudulent conduct, the court did not clearly err in applying the sophisticated-means adjustment. *E.g.*, *Miller*, 906 F.3d at 380 (upholding application of sophisticated-means enhancement where defendants used "some method that made it more difficult for the offense to be detected, even if that method was not by itself particularly sophisticated") (quoting *United States v. Valdez*, 726 F.3d 684, 695 (5th Cir. 2013)).

For his other claimed basis for challenging his sentence, Ozigi maintains the court erred in assessing the two-level enhancement under Guideline § 2B1.1(b)(2)(A)(i) for an offense involving ten or more victims. Ozigi asserts: there was only one victim, Medicare; and the loss to the American taxpayer has already been accounted for in other sentencing enhancements. He backtracks, however, by stating this contention is "likely foreclosed" by *United States v. Barson*, 845 F.3d 159 (5th Cir. 2016), which defines "victim" to encompass Medicare beneficiaries. It is foreclosed. *See United States v. Emordi*, 959 F.3d 644, 651–52 (5th Cir. 2020); *United States v. Ainabe*, 938 F.3d 685, 688–89 (5th Cir. 2019).

AFFIRMED.