# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30441
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DONTERRIAN M. LAVENDER,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-13-3

---

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Donterrian M. Lavender challenges his within-Guidelines 210-months' sentence, imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. In support, he contests the district court's application of a two-level dangerous-weapon

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

enhancement under Sentencing Guideline § 2D1.1(b)(1) (quoted *infra*).  He also contends: the court erred in denying his request for a downward variance; and his Guidelines sentence is substantively unreasonable, in the light of the 18 U.S.C. § 3553(a) sentencing factors.  Finally, for the first time on appeal, Lavender contends his sentence violates the Eighth Amendment because the length of the sentence is grossly disproportionate to his offense.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines provide for a two-level increase to defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed".  U.S.S.G. § 2D1.1(b)(1).  The district court's determination that Lavender possessed a firearm in connection with the offense is a factual finding, reviewed for clear error.  *E.g.*, *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole."  *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).  Once the Government "prov[es] by a preponderance of the evidence that the defendant possessed the weapon . . . by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant", defendant bears the burden "to show that it was clearly improbable that the weapon was connected with the offense".  *Ruiz*, 621 F.3d at 396 (citation omitted).

2

No. 24-30441

The proximity of the firearm to digital scales and drug-packing materials containing methamphetamine residue in Lavender's bedroom, in addition to the plastic bags containing marihuana in the living room, support a reasonable inference that the firearm was possessed in connection with the drug conspiracy. *See id.*; *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991) (evidence that weapon was found in same location where drugs or drug paraphernalia are stored satisfies Government's burden). Although Lavender contends that, because he lawfully possessed the firearm, there was no evidence connecting it to the drug-trafficking activities, he has not met his burden "to show that it was clearly improbable that the weapon was connected with the offense". *Ruiz*, 621 F.3d at 396; *see also* U.S.S.G. § 2D1.1, cmt. n.11(A) (setting forth "clearly improbable" standard for possession of weapon in connection with drug-trafficking offense). Accordingly, the court did not clearly err in applying the dangerous-weapon enhancement.

Turning to Lavender's substantive-reasonableness challenge, he contends the § 3553(a) sentencing factors weighed in favor of granting his request for a downward variance (*e.g.*, nature and circumstances of offense and history and characteristics of defendant). In support of this contention, he maintains that the bulk of the drug quantity used to calculate his Guidelines range was attributable to a co-conspirator, and he was merely a low-level participant. He also cites his consistent employment history, lack of meaningful criminal history, and strong family support.

The sentence was at the bottom of the advisory Guidelines sentencing range. As noted, the substantive reasonableness of a sentence is reviewed for abuse of discretion, *e.g.*, *Gall*, 552 U.S. at 51–52, with substantial deference given to the district court's assessment of the § 3553(a) factors, *e.g.*, *United States v. Fatani*, 125 F.4th 755, 761 (5th Cir. 2025). Moreover, a rebuttable presumption of reasonableness applies to a properly-calculated, within-Guidelines sentence. *Id.* The record shows the court considered the factors

3

urged by Lavender before concluding that, as noted above, the Guidelines-minimum sentence was appropriate. In short, Lavender's substantive-reasonableness challenge "amount[s] to disagreement with the district court's sentence, which does not rebut the presumption of reasonableness". *Id.* at 762 (citation omitted). Therefore, he does not show the requisite abuse of discretion.

Finally, Lavender contends his within-Guidelines 210-months' sentence (again, at the bottom of the advisory Guidelines sentencing range) violates the Eighth Amendment as cruel and unusual punishment. Because he did not preserve the issue in district court, review is only for plain error. *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Lavender cites no precedent in which a sentence was held to be grossly disproportionate to the offense, in violation of the Eighth Amendment. Indeed, the Supreme Court has upheld a life sentence with the possibility of parole for three fraud offenses involving loss amounts of $80, $28.36, and $120.75; consecutive 20-year prison terms for possession of nine ounces of marihuana with intent to distribute and distribution of marihuana; and a life sentence without the possibility of parole for a first-time offense of possessing 672 grams of cocaine. *E.g.*, *Ewing v. California*, 538 U.S. 11, 21–23 (2003) (plurality opinion). Further, the Guidelines are a "convincing objective indicator of proportionality". *United States v. Cardenas-Alvarez*, 987 F.2d

No. 24-30441

1129, 1134 (5th Cir. 1993) (citation omitted). Lavender fails to show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.