# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30451
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEMETRIC CAREY,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-115-1

———————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Demetric Carey pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He was sentenced, *inter alia*, to a within-Guidelines 360 months' imprisonment. Carey contends the court clearly erred in applying a four-level enhancement under U.S.S.G. § 3B1.1(a)

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

(enhancing sentence when "defendant was . . . organizer or leader of . . . criminal activity that involved five or more participants").

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Carey's first contention—that he did not act as a leader or organizer—is without merit. The record shows he: played a significant role in leading and organizing the drug enterprise; and directed at least one of his coconspirators. *See, e.g.*, *United States v. Maes*, 961 F.3d 366, 378 (5th Cir. 2020) (concluding § 3B1.1 enhancement appropriate where defendant, *inter alia*, purchased methamphetamine, packaged and shipped it, and received payment for shipment of it).

Carey also asserts his criminal activity did not involve the requisite five or more participants. The Government counters, *inter alia*, that this issue is waived because of invited error. We need not decide whether the issue is waived, because Carey did not preserve it in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the

reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The record, such as the plea agreement and sentencing hearing, supports the court's finding Carey's criminal activity involved five or more participants. *United States v. Glinsey*, 209 F.3d 386, 396 (5th Cir. 2000) (holding "participant", for purposes of § 3B1.1, is one who "participate[d] knowingly in some part of the criminal enterprise"). Accordingly, he fails to show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.